# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL THOMAS CANTRELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00829 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHARLES WAYNE BRANHAM** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

*Michael Thomas Cantrell, Pro Se Plaintiff.*

The plaintiff, Michael Thomas Cantrell, a Virginia inmate proceeding pro se, has filed a civil action against Charles Wayne Branham, a fellow inmate. Because Cantrell asserts that Branham violated his rights "as a United States citizen by making comments against [his] religion," Compl. 1, ECF No. 1, the court has construed and docketed his submission as a civil rights action under 42 U.S.C. § 1983. After review of the Complaint, I conclude that the case must be summarily dismissed for lack of jurisdiction.

Cantrell states that he and Branham are both confined at the Lynchburg Adult Detention Center. He alleges that on November 8, 2019, Branham verbally attacked Cantrell's religious beliefs and made an obscene sexual comment about Cantrell's mother and God. Cantrell said that he was going to see a staff member about these

comments. Then, Branham assaulted him, broke his arm, and "body slammed" him for "snitching." *Id.* at 4. As relief, Cantrell seeks monetary damages, payment of medical bills for X rays, surgery, and orthodontic appointments. He also asks that Branham be charged with malicious wounding.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Thus, such a claim can be considered as a federal question that is within the jurisdiction of the court. To determine if defendant Branham qualifies as a person acting under color of state law for purposes of a § 1983 claim, the court must make two closely related determinations.

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Branham's alleged actions against Cantrell do not meet either of the *Lugar* factors. There is no allegation in the Complaint suggesting that Branham was exercising any right he had under state law, or following a state official's directive, when he assaulted Cantrell. Branham is also not a state official himself and did not receive aid from state officials in carrying out the conduct of which Cantrell complains. Accordingly, I conclude that Branham's conduct is, in no way, chargeable to the state so as to make him a state actor subject to being sued under § 1983. As such, Cantrell cannot proceed with his claims under § 1983 that Branham's actions violated his constitutional rights or any other federally protected right. Therefore, his claim against Branham does not fall within the court's federal question jurisdiction under 28 U.S.C. § 1331.

Cantrell also fails to state facts showing that he could pursue a federal civil action against Branham under the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Under this section, a district court can exercise original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," *and* the parties are citizens of different states. *Id.* Cantrell's Complaint fails to fulfill either of these requirements. He offers no indication that he and Branham are citizens of different states, and the monetary

value he assigns to the harm Branham allegedly caused him does not exceed the total required under § 1332(a).

Finally, Cantrell cannot use a federal lawsuit of any kind to have Branham criminally charged and prosecuted for malicious wounding. Private citizens cannot bring a direct criminal action against another person or petition a federal court to compel the criminal prosecution of another person. *Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

For the stated reasons, Cantrell's Complaint does not state facts demonstrating that his claim against Branham falls within the jurisdiction of this court under either § 1331 or § 1332(a). Accordingly, I will summarily dismiss the action without prejudice for lack of jurisdiction.

An appropriate Final Order will be entered herewith.

ENTER: January 15, 2020

/s/ James P. Jones
United States District Judge